**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **DENVER DESERANNO, individually and on behalf of those similarly situated,** | ) | |
| | ) | **FLSA COLLECTIVE ACTION COMPLAINT** |
| **PLAINTIFFS,** | ) | |
| **vs.** | ) | **CASE NO. 1:26-cv-00103** |
| **ADVENTURE HOMES, LLC.,** | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Denver DeSeranno ("DeSeranno"), individually and on behalf of those similarly situated ("Plaintiffs"), bring this action against Adventure Homes, LLC. ("Defendant") and alleges as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et. seq. for Defendant's failure to properly pay Plaintiffs earned overtime wages. Defendant has manufactured over 18,000 homes and shipped them to twenty states over the last seventeen years. DeSeranno and those similarly situated to him contributed labor integral to the production of these homes. The FLSA claims are brought as a collective action pursuant to 29 U.S.C. §216(b).

2. DeSeranno resides in Garrett, Indiana. He was employed by Defendant during the three-year period prior to the filing of this Complaint. He was an 'employee' as that term is defined by 29 U.S.C. §203(e)(1). DeSeranno's written consent is attached hereto.

3. Plaintiffs are employees who worked for Defendant as Laborers that contributed to the manufacture of modular homes. They were paid on an hourly basis. They are 'employees' as that term is defined by 29 U.S.C. §203(e)(1).

**JURSIDCTION**

4. This Court has jurisdiction over Defendant because Plaintiffs bring a claim arising under federal law, mainly 29 U.S.C. §216(b) and 28 U.S.C. §1331.

**VENUE**

5. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. §1391. Defendant is headquartered in Garrett, Indiana, and builds homes in that community.

**COVERAGE**

6. At all times, Defendant was subject to the FLSA pursuant to 29 U.S.C. §203(r) and/or (s)(1).

7. At all relevant times, Defendant was an 'employer' as that term is defined by 29 U.S.C. §203(d); an 'enterprise' within the meaning of the FLSA, 29 U.S.C. §203®; and an 'enterprise engaged in commerce or in the production of goods for commerce' within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

8. At all relevant times, Defendant had employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. Defendant's gross annual sales volume has been in excess of $500,000 per annum at all times material hereto.

**FACTUAL ASSERTIONS**

10. DeSeranno began his employment with Defendant in or about May 2016.

11. DeSeranno was a Laborer who was assigned to the duties of material handling.

12. At the time of his termination on December 19, 2025, he was earning $14.60 per hour.

13. Like all Laborers, DeSeranno was entitled to two non-discretionary production bonuses. Defendant has a policy and practice of paying a ‘hitch bonus’ and ‘labor bonus’ to all employees.

14. The ‘hitch bonus’ and ‘labor bonus’ are summed up into one category on all of Defendant’s Laborers weekly paystubs as ‘Prod.’

15. Defendant offered a ‘floor’ or ‘hitch’ bonus to all employees. A bonus was paid for each floor of manufactured housing that was completed each day. The bonus was equal to a set rate per floor depending on how long you were employed by the company. Given his experience, DeSeranno was paid $12 per completed floor.

16. Defendant typically averaged approximately 9 completed floors per day. Each qualified Laborer would receive a non-discretionary bonus dependent calculated based upon number of floors completed and his/her rate. For example, DeSeranno would be entitled to a $108 hitch bonus on days when 9 floors were completed.

17. Defendant also offered a ‘labor’ bonus. The ‘labor’ bonus allocated a percentage of profit earned on each home sold as a bonus to be paid to Laborers. Laborers were rewarded for building floors (and, subsequently, homes) faster, and less labor cost would result in higher labor bonuses being paid.

18. Both the ‘labor’ and ‘hitch’ bonuses are non-discretionary bonuses, the amount of which is directly correlated to the productivity and attendance of Defendant’s laborers. The bonuses are based on established standards, here number of completed floors and homes and the number of labor hours worked.

19. Defendant has only one policy that addresses how an employee would be disqualified from these bonuses, an attendance policy. That is, an employee whose attendance fell below a certain threshold could disqualify him/herself from the hitch bonus. Those individuals who had satisfactory attendance were qualified (laborers).

20. By way of example, DeSeranno worked 42.5 hours for the pay period of December 15, 2025, through December 21, 2025.

21. Defendant paid DeSeranno $584 for forty hours of work ($14.60 X 40 hours); $54.75 in overtime wages ($21.90 X 2.5 hours); and a ‘Prod’ bonus of $993.90.

22. Defendant did not account for DeSeranno’s non-discretionary bonuses when determining his regular rate of pay for the purpose of calculating the overtime premium rate due to DeSaronno. If it had, DeSeranno’s regular wage rate for purposes of calculating his overtime would have been $38.41per hour.

23. Defendant only paid DeSeranno – and other Laborers – an overtime premium rated based on their stated hourly rate, <u>not</u> the overtime premium associated with each Plaintiff’s actual hourly rate of pay inclusive of the non-discretionary bonuses (in this example, the $38.41 rate for DeSeranno).

24. Plaintiffs have been harmed by Defendant’s policy and/or practice of not properly compensating its Laborers who worked more than forty hours in a single work week.

**COLLECTIVE ACTION FACTUAL ALLEGATIONS**

25. Defendant employs Laborers who are assigned a role in making manufactured and modular homes.

26. Plaintiffs are similarly situated to other Laborers in that they share similar titles, job duties, and compensation schemes, including the fact they are paid overtime based on their

normal hourly rate, not their actual hourly rate each week and inclusive of non-discretionary bonuses.

27. Pursuant to their policy(ies) and practice(s), Defendant failed to pay federal all overtime wages due to all current and former Laborers ("Plaintiffs") employed within the last three years. Instead, Defendant paid them an overtime premium in an amount far less than required by law for each hour of overtime worked.

28. Application of Defendant's policy(ies) and practice(s) was not dependent on personal circumstances of any Laborer, but rather affected Plaintiffs and all members of the proposed 'Laborer class' equally. Accordingly, the class is properly defined as:

> All current and former hourly paid Laborers employed by Defendant who participated in the manufacture of manufactured and modular housing in Garrett, Indiana, who were eligible for the hitch and labor bonuses and who worked in excess of forty (40) hours in a single workweek.

29. Defendant knowingly, willfully or recklessly carried out their illegal pattern or practice of failing to fully compensate DeSeranno and Plaintiffs properly under the FLSA. As a result, DeSeranno and Plaintiffs suffered harm.

**COUNT I: FAILURE TO PAY OVERTIME WAGE RATES UNDER THE FLSA**

30. DeSeranno and Plaintiffs hereby incorporate paragraphs 1 – 29 herein.

31. During the relevant time period, Defendant violated and is violating the provisions of 28 U.S.C. §207 by failing to fully comply with the overtime requirements of the FLSA.

32. Defendant acted knowingly, willfully, recklessly and in bad faith by failing to pay DeSeranno and Plaintiffs the required overtime premium hours worked in excess of forty hours in a single work week.

33. DeSeranno and Plaintiffs suffered harm as a result.

## PRAYER FOR RELIEF

WHEREFORE, DeSeranno, individually and on behalf of others similarly situated, demand as follows:

a) An order issued pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to DeSeranno and those similarly situated, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiffs;

b) An order awarding Plaintiffs the costs of this action;

c) An order awarding Plaintiffs their attorney's fees;

d) A declaration and finding by the Court that Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA; and

e) An order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott
The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, IN 46240
Tel: (317) 500-0700
Fax: (317) 342-2799
Indy2buck@hotmail.com

Attorney for DeSeranno / Plaintiffs